IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANTONIO ALEJANDRO GUTIERREZ,

        Petitioner,

    v.

BRIAN BELLEQUE, BOARD OF PAROLE
AND POST-PRISON SUPERVISION, and
THE STATE OF OREGON,

        Respondents.

Case No. 08-CV-311-ST

FINDINGS AND RECOMMENDATIONS

    Antonio Alejandro Gutierrez, #5448026
    777 Stanton Blvd.
    Ontario, OR 97914

        Petitioner, *Pro Se*

    John R. Kroger, Attorney General
    Andrew Hallman, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATIONS

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging a 2004 decision by the Oregon Board of Parole and Post-Prison Supervision deferring his release by 24 months. For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

In September of 1985, petitioner was convicted in Multnomah County of Murder and Assault in the Second Degree. Respondent's Exhibit 101. As a result, the trial court imposed consecutive, indeterminate sentences of life imprisonment for Murder and 10 years imprisonment with a five-year minimum for the Assault conviction. *Id.*

The Board of Parole and Post-Prison Supervision ("Board") established a projected release date for petitioner of December 22, 1999. Respondent's Exhibit 103, p. 55. The Board repeatedly deferred petitioner's release in two-year increments in 1998, 2000, 2002, and 2004, finding that he suffered from a present severe emotional disturbance rendering him a danger to the health and safety of the community. *Id* at 72, 80, 85, 150. The Board's 2004 decision to defer petitioner's parole that is at issue in this case.

Petitioner filed seven different requests for administrative review of the 2004 deferral, but the Board found that six of these

2 - FINDINGS AND RECOMMENDATIONS

requests were untimely, and that the only timely request was unreviewable because petitioner "failed to explain how the action the board has taken is in violation of its rules, policies, the Oregon Revised Statutes, or the Federal and State Constitutions." Respondent's Exhibit 103, pp. 182-83.  The Oregon Court of Appeals dismissed a subsequent petition for judicial review, and the Oregon Supreme Court denied review.  Respondent's Exhibits 110, 112, 113.

Petitioner filed his Petition for Writ of Habeas Corpus in this court on March 12, 2008 raising five grounds for relief:

1. The Board violated petitioner's right to due process when it denied his requests for extension of time to file his administrative review requests;

2. Petitioner is illegally incarcerated as the result of various, unidentified constitutional violations.

3. The Board compelled petitioner to take part in psychological evaluations and punished him for refusal to do so in violation of the Fifth Amendment;

4. The Oregon statutes and administrative rules violate unidentified constitutional provisions because they compel petitioner to take part in psychological evaluations; and

5. The State of Oregon's sentencing guidelines violate unidentified constitutional provisions.

Respondent asks the court to deny relief on the Petition because: (1) Ground One presents only a state law issue and is procedurally defaulted; (2) Grounds Two and Four should be denied

3 - FINDINGS AND RECOMMENDATIONS

for vagueness; (3) the state court decision denying relief on Ground Three claim is correct and entitled to deference; and (4) Ground Five is procedurally defaulted and also plainly meritless.

### FINDINGS

### I. Respondents Subject to Dismissal

As an initial matter, petitioner need only bring this action against the Warden at the Oregon State Penitentiary, Brian Belleque. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the proper respondent in a habeas corpus case is the warden having custody over the petitioner). As such, the Board and State of Oregon are not proper respondents and should be dismissed from this case.[1]

### II. Exhaustion and Procedural Default

#### A. Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the

---

[1] Although respondent asks the court to also dismiss the Oregon Attorney General from this lawsuit, the Oregon Attorney General is not named as a respondent to this action.

state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

B.   **Analysis**

According to respondent, petitioner failed to fairly present his claims in Grounds One and Five to Oregon's state courts. Because petitioner's Ground One claim is clearly without merit (as

5 - FINDINGS AND RECOMMENDATIONS

discussed below), the court need only decide the exhaustion issue as to Ground Five. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

Ground Five alleges that Oregon's sentencing guidelines violate unidentified provisions of the U.S. Constitution. A review of the record reveals that petitioner did not raise any constitutional challenge to Oregon's sentencing laws either in the Oregon Court of Appeals or in his Petition for Review to the Oregon Supreme Court. Respondent's Exhibits 108, 109, 111. Because the time for doing so passed long ago, petitioner has procedurally defaulted this claim. He neither attempts to show cause and prejudice nor to make a colorable showing of actual innocence sufficient to excuse the default.

### III. **Vagueness**

Respondent asks the court to deny relief on Grounds Two and Four on the basis that they fail to identify a federal constitutional violation and are impermissibly vague. It is true that neither Ground Two nor Ground Four identifies a alleges the violation of a specific constitutional provision. However, construed liberally, petitioner appears to be asserting a due process violation in Ground Two because he bases his challenge on his continued incarceration resulting from "a series of

constitutional violations" which "have caused his libert[y] interest[s] and constitutional rights to have been violated." Petition (docket #2) P. 7.  Although petitioner asserts in his supporting memorandum that he has "incurred violations to the 5th, 6th, 8th, and 14th Amendments as well as to Ex Post Facto laws," a liberal construction of his Petition does not support the pleading of anything but a due process claim.  As such, the court should not consider the new claims raised in the supporting memorandum.  *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

Ground Four alleges that unidentified Oregon statutes and administrative rules violate the U.S. Constitution because they compel petitioner to participate in psychological evaluations as part of the parole process.  The court views this as duplicative of petitioner's Ground Three claim for violation of the Fifth Amendment and discusses it below with Ground Four.  Although petitioner attempts to characterize this as an *ex post facto* claim in his briefing, a liberal construction of Ground Four does not include such a claim.  Accordingly, such a claim is not eligible for habeas corpus review.

7 - FINDINGS AND RECOMMENDATIONS

Based on the foregoing, the court should decline to deny relief on Grounds Two and Four for vagueness and construe them only as raising due process and Fifth Amendment claims, respectively.

## IV.  Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but

8 - FINDINGS AND RECOMMENDATIONS

unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

## V.    Due Process Claims (Grounds One and Two)

Ground One alleges that the Board violated petitioner's right to due process when it denied several of his requests for administrative review. Ground Two alleges that the Board's decisions infringed upon petitioner's established liberty interests.

When a state creates a liberty interest in parole, the only federal constitutional requirements are that the inmate be given an opportunity to be heard and provided with a statement of reasons as to why his parole was denied. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). This is "the

9 - FINDINGS AND RECOMMENDATIONS

beginning and the end of the federal habeas courts' inquiry. . . ." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). The Board clearly complied with these requirements in this case. Accordingly, upon an independent review of the record, the state court decision denying relief on these due process claims was neither contrary to, nor an unreasonable application of, clearly established federal law.

**VI.   Fifth Amendment Challenge (Grounds Three and Four)**

Petitioner also alleges that the Board's requirement that he participate in a psychological evaluation as part of the parole process violates the Fifth Amendment.[2] The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const., Amdt. 5. The purpose of the Fifth Amendment is "to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)

---

[2] While petitioner also alleges that he was wrongfully punished based upon his refusal to participate in a psychological evaluation, this occurred during his 2006 review, a decision which was at issue in two other habeas corpus proceedings, *Gutierrez v. Belleque*, *et al.* CV 07-99-ST, and Gutierrez v. Belleque*, et al.*, CV 08-464-JE. Because petitioner's refusal to participate in the 2006 psychological evaluation was not a factor in the Board's decision to defer his parole in 2004, it is not eligible for consideration in this case. *See* Rules Governing Section 2254 Cases, Rule 2 (d) ("A petition shall be limited to the assertion of a claim for relief against the judgment or judgments of a single state court.").

10 - FINDINGS AND RECOMMENDATIONS

(citing *Counselman v. Hitchcock*, 142 U.S. 547, 562 (1892). The Fifth Amendment extends beyond criminal proceedings to include any proceeding which might incriminate the individual in a future criminal proceeding. *Allen v. Illinois*, 478 U.S. 364, 368 (1986).

According to petitioner, his psychological evaluation bears directly on the duration of his incarceration because the Board is able to defer his release based, in part, on the content of the results of his psychological examination. While this is true, petitioner has no constitutional right to parole, *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979), and the deferral of parole does nothing to increase the length of his actual sentence. The Fifth Amendment only protects against compelling a person to incriminate himself as to conduct of which he has not yet been convicted, and petitioner makes no allegation that such was the case here. The fact that petitioner might be required to serve the duration of his underlying sentence based partly on the results of his psychological evaluations does not offend the Fifth Amendment. Accordingly, there is no clearly established federal law establishing a Fifth Amendment violation where a parole board requires the completion of a psychological evaluation before affording parole consideration.

## RECOMMENDATIONS

For the reasons identified above, respondents Oregon Board of Parole and Post-Supervision and State of Oregon should be

11 - FINDINGS AND RECOMMENDATIONS

DISMISSED, and the Petition for Writ of Habeas Corpus (docket #2) should be DENIED. The court should also enter a judgment dismissing this case with prejudice and decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due August 8, 2011. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED this 21st day of July, 2011.

s/   Janice M. Stewart

Janice M. Stewart
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATIONS